(No. 79-CV-0145-)

*In re* APPLICATION OF ELENA NUNEZ.

*Order filed September 10, 1980.*

ELENA NUNEZ, *pro se*, for Claimant.

TYRONE C. FAHNER, Attorney General (ALAN R. BOUDREAU, Assistant Attorney General, of counsel), for Respondent.

PER CURIAM.

This claim arises out of an incident that occurred on December 13, 1978. Elena Nunez, wife of the deceased victim, Estanislao Nunez, seeks compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat. 1977, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the

Court, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That on December 13, 1978, the victim was shot by Mr. Paul Nantz in front of the Coleman Moving & Storage Company at 2146 W. Roscoe, Chicago, Illinois. The incident stemmed from an altercation that had occurred minutes before the shooting. The victim had entered the Coleman Moving & Storage Company building and when he was informed that it was closed, he began arguing with Mr. Nantz and Mr. Herman Bailey, who were co-owners of the company. The victim then left the building and returned several minutes later holding a knife. Seeing that the victim had a knife, Mr. Nantz took a handgun from his desk and, along with Mr. Bailey, met the victim as he approached the building. A confrontation ensued, during which Mr. Nantz shot the victim and the victim cut both Mr. Nantz and Mr. Bailey. The victim was taken to Ravenswood Hospital where he died shortly after admission. Mr. Nantz and Mr. Bailey were charged with murder but in a preliminary hearing there was a finding of no probable cause to indict or try them of the charges.

2. That section 3(f) of the Act states that a person is entitled to compensation under the Act if the injury to or the death of the victim was not substantially attributable to the victim's wrongful act or substantial provocation of the assailant.

3. That it appears from the investigatory report and the police report that the victim's death was substantially attributable to his engaging Mr. Nantz and Mr. Bailey in a fight armed with a knife.

4. That the Claimant has not met a required condition precedent for compensation under the Act.

It is hereby ordered that this claim be, and is hereby denied.